**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| BURT ARTHUR JORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EASTERN MAINE MEDICAL )<br>CENTER, et al., )<br>)<br>Defendants. ) | Docket No. 1:21-cv-00034-NT |

**ORDER AFFIRMING THE RECOMMENDED DECISION
AND ORDER OF THE MAGISTRATE JUDGE**

On December 21, 2021, the United States Magistrate Judge filed with the Court, with copies to the parties, his Recommended Decision on the Defendants' Motion for Summary Judgment and his order denying the Plaintiff's motion to amend (ECF Nos. 30–31). The Plaintiff filed objections to the Recommended Decision and the Order on March 29, 2022 ("**Pl.'s Obj.**") (ECF No. 40). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

In his objections to the Magistrate Judge's decision, the Plaintiff puts forward facts (unsupported by record citations) that he believes show that he was a bona fide whistleblower and that he says support the inference that he was fired for engaging

in this protected activity.[1] Pl.'s Obj. 1–9. Even assuming that everything the Plaintiff says is true, Maine Whistleblower Protection Act and defamation claims must be brought within two years.[2] 5 M.R.S. § 4613(2)(C); 14 M.R.S. § 753. Dr. Jordan was aware of the Defendants' reports to the National Practitioner Data Bank ("**NPDB**") no later than April 12, 2017, when he complained to the NPDB that information was being withheld from him. Defs.' Ex. 22 at 2 (ECF No. 16-4). And by this point, the review and disciplinary process about which the Plaintiff complains had already concluded. But Dr. Jordan did not file his Complaint for close to another four years. *See* Compl. (ECF No. 1).

Also in his objections to the Magistrate Judge's decision, the Plaintiff appears to be making an argument that equitable estoppel or fraudulent concealment should toll the statute of limitations. Pl.'s Obj. 9–13. But although he makes factual claims, he offers no record support for them. And he cites no law to support his position. As such, his argument is undeveloped and therefore forfeited. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). The Plaintiff also alludes to the concept of state action, seemingly to support his due process claim. Pl.'s Obj. 13–14. But again,

---

[1] As the Magistrate Judge pointed out, the Plaintiff failed to abide by the summary judgment procedure outlined in Local Rule 56. Rec. Dec. on Defs.' Mot. for Summ. J. & Order on Mot. to Amend 2 n.1 (ECF No. 30). Because of that failure to abide by the rules, the Plaintiff is not entitled to have any of his factual assertions considered, and all of the Defendants' facts should be taken as true. *See* D. Me. Loc. R. 56(f).

[2] Dr. Jordan contends that he was not required to present his grievances to the Maine Human Rights Commission ("**MHRC**") because he was not an employee of the Defendants. Pl.'s Obj. to Magistrates [sic] Rec. Dec. on Defs. [sic] Mot. for Summ. J. & Order on Mot. to Amend 13 (ECF No. 40). This argument is entirely unsupported. But even assuming it to be true, Maine law requires *all* claims under the Maine Human Rights Act (including those not previously presented to the MHRC) to be brought within two years of accrual. *See* 5 M.R.S. § 4613(2)(C).

the Plaintiff's argument is entirely undeveloped and therefore forfeited. *Zannino*, 895 F.2d at 17.

As to the Plaintiff's breach of bylaws claim, the Plaintiff fails to offer any specific objections to the Magistrate Judge's analysis. *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections" to a magistrate judge's "proposed findings and recommendations"). He does not even identify which aspect of the bylaws the Defendants allegedly violated.

I have also reviewed and considered the Magistrate Judge's order denying the Plaintiff's motion to amend. It is not clear whether the Plaintiff has objected to this order. Regardless, the Magistrate Judge's order is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a).

It is therefore **ORDERED** that the Plaintiff's objections are **OVERRULED**. The Magistrate Judge's order denying the motion to amend is **AFFIRMED**, the Recommended Decision of the Magistrate Judge is **ADOPTED**, and the Defendants' motion for summary judgment is **GRANTED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 31st day of March, 2022.